IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE MARSHALL HENDERSON,

                Plaintiff,

v.                                                Case No. 07-2224-JWL

THE GOODYEAR TIRE &
RUBBER COMPANY,

                Defendant.

## AGREED PROTECTIVE ORDER

Upon the stipulation and agreement of the parties, and it appearing to the Court that:

A.      The parties are engaged in discovery in this case which may involve the production of personnel and medical files as well as information relating to employees of defendant which contain confidential and sensitive information regarding the finances and other information regarding such individuals, which is confidential pursuant to the Kansas Open Records Act, K.S.A. 45-221(a)(4), (11), and (30), and *Berst v. Chipman,* 232 Kan.180, 190, 653 P.2d 107 (1982).

B.      The parties are interested in permitting discovery to proceed without delay occasioned by disputes about the confidential nature of the documents and/or information being produced.

C.      The parties, pursuant to agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto.

D.      Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

E.      Good cause exists for the issuance of this Agreed Protective Order.

**IT IS HEREBY ORDERED THAT**

1. The following definitions shall apply for purposes of this Agreed Protective Order;

    a. The term "Confidential Discovery Material" shall mean all personnel records of employees of defendant with the exception of personnel records of plaintiff. "Confidential Discovery Material" will also include any and all medical files or medical information exchanged between the parties.

    b. The term "Person" shall mean any natural person and any corporation, including a municipality, county or other such governmental entity organized in accordance with the laws of the State of Kansas, partnership, association, or other entity.

    c. The term "Party"' shall mean plaintiff and defendant to this case.

2. Except with prior written consent of the Designating Person, Confidential Discovery Material may not be disclosed to any Person other than:

    a. A Party, including any officer, director, employee, agent, representative of or attorney for a Party;

    b. The Judge presiding in this case, the Judge's staff, and such employees of the Court as directed by the Judge;

    c. Counsel of record for a Party and their legal associates, paralegals, and office staff;

    d. In-house counsel for a Party and their paralegals and office staff;

    e. Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case;

    f. Employees of a Party whose job responsibilities and special knowledge relate to the subject matter of that Confidential Discovery Material; and

        g.        Witnesses being deposed.

        3.        All Confidential Discovery Material shall be used and disclosed solely for the purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court or another Court with jurisdiction, or any administrative agency with jurisdiction.

        4.        Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. Within 60 days of such final resolution, each Party who received Confidential Discovery Material shall, at its option, either:

        a.        Return all copies thereof, including any copies in the hands of outside experts or consultants, to the producing Party or,

        b.        Furnish to the producing Party a certificate stating that all such copies have been collected and destroyed.

        5.        Nothing in this Order shall:

        a.        Restrict the right of any Party to disclose any Confidential Discovery Material produced or provided by that Party to any other person;

        b.        Restrict the right of any Party to use Confidential Discovery Material in any hearing or trial in this case;

        c.        Prevent any Party from objecting to discovery that the Party believes is improper for any reason; and

        d.        Preclude any Party from seeking any further or additional protection for Confidential Discovery Material not provided in this Order.

        6.        In the event a party wishes to use any information identified as Confidential in any documents filed with the Court, that party shall file a motion seeking leave to file such information

under seal. In the event the Court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

7.   Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly, if the Party is not represented by counsel. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case or the Party directly, if the Party is not represented by counsel.

8.   Consistent with the Protective Order guidelines posted on the Court's website, the Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

Ordered this 18th day of September 2007.

s/ David J. Waxse

DAVID J. WAXSE
United States Magistrate Judge

---

[1] *See e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D.Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D.Kan. Feb. 17, 2004) (same).

APPROVED BY:


s/Stephen D. Lanterman
Stephen D. Lanterman, KS #18844
Shaye L. Downing, KS #22152
Attorneys for Plaintiff
SLOAN, EISENBARTH, GLASSMAN,
      McENTIRE & JARBOE, L.L.C.
1000 Bank of America Tower
Topeka, KS  66603-3456
Phone number:  (785) 357-6311
Fax number:   (785) 357-0152
Attorneys' E-mail addresses:  slanterm@sloanlawfirm.com
                                sdowning@sloanlawfirm.com


s/J. Steven Pigg
J. Steven Pigg          #09213
Attorney for Defendant
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
P. O. Box 949
Topeka, KS  66601-0949
Phone number:  (785) 232-7761
Fax number:  (785) 232-6604
Attorney's E-mail address:  spigg@fisherpatterson.com